No. 18,836.

DUNCAN J. CAMERON, AS SECURITIES COMMISSIONER,
ET AL. *v.* CARROLL & CO.

(334 P. [2d] 748)

Decided January 26, 1959.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, Mr. GAIL F. OUREN, Assistant, for
plaintiffs in error.

Mr. C. HENRY ROATH, Mr. WILLIAM F. DWYER, for de-
fendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

PLAINTIFF in error, Securities Commissioner of the
State of Colorado, will hereinafter be referred to as the
Commissioner. The defendant in error will be referred
to as Carroll & Co.

By this writ of error the Commissioner seeks to reverse the judgment and order of the district court reversing an order of the Commissioner. The trial court ordered issuance of a license to Carroll & Co. to do business as a broker and dealer in securities after review of the Commissioner's action in revoking the same.

While writ of error has been pending here, Carroll & Co. voluntarily ceased to do business, surrendered its corporate license to do business as a securities dealer, and requested the Securities Commissioner to cancel its license. Therefore, the sole question upon which the cause is pending in this court (Whether the Securities Commissioner abused his discretion or exceeded his authority in revoking the license of Carroll & Co.?) is moot.

The Commissioner urges this court to decide, not whether the Commissioner acted according to law in revoking Carroll & Co.'s license, but to render an interpretation of the statute under which the Commissioner operates, complaining that the statute as it is written in reference to review of the actions of the Commissioner in licensing matters is vague and uncertain. No provision of the law authorizes this court to give advisory opinions to state agencies other than to the General Assembly or to the Governor when requested upon solemn occasions pursuant to Article VI, Section 3 of the Constitution of the State of Colorado.

There being no judicable controversy between the parties before this court, the writ of error is dismissed.